Chen v. Sessions

BIA
Vomacka, IJ
A205 201 150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

XUE ZHI CHEN,
> *Petitioner,*

v.                                          16-3221
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Office of Michael Brown, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Zhi Chen, a native and citizen of the People's Republic of China, seeks review of an August 24, 2016, decision of the BIA affirming a June 23, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Zhi Chen,* No. A205 201 150 (B.I.A. Aug. 24, 2016), *aff'g* No. A205 201 150 (Immig. Ct. N.Y. City June 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determinations under the

2

substantial evidence standard); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009) (reviewing constitutional claims *de novo*).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's and witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Although Chen argues that the agency erred in finding him not credible as to his claim of religious persecution in China, he does not challenge any of the specific findings the agency ultimately relied on in making its adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that petitioner abandons issues and claims not

3

raised in his brief).  The unchallenged findings are supported by the record and thus stand as a valid basis for the adverse credibility determination.  For example, at times Chen gave the impression that he was testifying from a script.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor).  Chen's evidence was inconsistent regarding whether he came to the United States to find work or escape persecution, whether he sought care at a medical clinic after his release from detention, and whether he had previously applied for a visa to enter the United States.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3.  Chen testified that confirmation is important in his religion but he was unable to recall when he was confirmed.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (recognizing that an adverse credibility determination may be based on inherent implausibility in the applicant's story so long as the implausibility "finding is tethered to record evidence").

The agency's adverse credibility determination was dispositive of Chen's claims for asylum, withholding of

4

removal, and CAT relief because all three were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Due Process Claim

Chen argues that the IJ violated his due process rights by prejudging his case and refusing to let his mother testify. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). The IJ provided Chen a full and fair opportunity to present his claim without prejudging credibility.

Because Chen admitted in his asylum application that he had lied to U.S. immigration officials, the IJ proceeded reasonably in warning counsel that Chen had a credibility problem and should provide any available corroborating evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility."); *cf. Zhi Wei Pang v.*

5

*BCIS*, 448 F.3d 102, 111 (2d Cir. 2006) (noting the IJ's "obligation to help develop the record in immigration proceedings"). The IJ also did not deprive Chen of an opportunity to present his mother's testimony because neither Chen nor his attorney asked that she be permitted to testify. On the record before us, Chen has not demonstrated that the IJ deprived him a full and fair a full and fair opportunity to present his case. His due process claim fails. *See Burger*, 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
